UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW McDONOUGH,

    Plaintiff,

vs.                                        Case No. 15-11916

COMMISSIONER OF SOCIAL SECURITY,        HON. AVERN COHN

    Defendant.

_____/

## DECISION

### I. INTRODUCTION

This is a Social Security case. Plaintiff Matthew McDonough (McDonough) appeals the decision of the Commissioner of Social Security (Commissioner) denying his application for Disability Insurance Benefits. McDonough sought benefits due to a mental impairment, Bipolar Affective Disorder, Type I. An administrative law judge (ALJ) held a hearing, concluded McDonough is not disabled, and denied his claim.

McDonough brings this case under 42 U.S.C. § 405(g) and seeks reversal of the ALJ's decision. McDonough filed a motion for summary judgment, (Doc. 9). The Commissioner filed a cross motion for summary judgment, (Doc. 11). The motions were referred to a magistrate judge (MJ) for a report and recommendation (R&R), (Doc. 13). The R&R recommends the Court grant McDonough's motion for summary judgment, deny the Commissioner's cross motion for summary judgment, and reverse and remand for the award of benefits. The Commissioner has filed objections to the R&R, (Doc. 14), to which McDonough has responded, (Doc. 15).

For the following reasons, the Commissioner's objections to the R&R are OVERRULED, the R&R is ADOPTED, McDonough's motion for summary judgment is GRANTED, the Commissioner's motion for summary judgment is DENIED, and the Commissioner's decision is REVERSED and REMANDED for the award of benefits.

## II. BACKGROUND

### A. Social Security Proceedings

The parties do not object to the R&R's recitation of the relevant facts. (*See* Docs. 14, 15). The Court adopts the recitation. (*See* Doc. 13).

McDonough claims a disability beginning March 23, 2010. He was diagnosed with a Type I bipolar disorder before then. After March 23, McDonough received treatment from 2 different psychiatrists—Dr. Rao Vallabhaneni (Vallabhaneni), with whom he spent 7 sessions between January 2011 and January 2012, and Dr. Gary Koloff (Koloff), who examined him in 48 sessions between December 20, 2011 and November 21, 2013.

In denying McDonough's claim, the ALJ determined he did not have a condition equal to a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ relied on medical opinions of a state agency physician. The ALJ went on to conclude McDonough had residual functional capacity (RFC) and could perform unskilled work.

In deciding McDonough had RFC, the ALJ gave "little weight" to medical opinions of Koloff, who treated McDonough through most of the claimed disability. Koloff is a board-certified psychiatrist with over 30 years' experience.

Koloff found McDonough to exhibit characteristics that rendered his condition equal in severity to a listed impairment. The ALJ, however, discounted the opinion

2

of Koloff in addressing RFC. Instead, the ALJ credited opinions of Dr. Ashok Kaul (Kaul), a non-examining physician who reviewed a portion of McDonough's medical records, and Vallabhaneni who examined him largely before Koloff's 2 years of treatment.

In discounting Koloff's opinions, the ALJ reasoned:

> [T]here are no records of psychological hospitalizations, nor is there evidence of mania or . . . decompensation . . . . [T]he doctor relied quite heavily on the subjective report of symptoms and limitations provided by [plaintiff] . . . . Yet . . . there exist good reasons for questioning the reliability of [plaintiff's] subjective complaints. . . . [T]he opinion is not consistent with his own reports or findings or the findings of Dr. Vallabhaneni and Dr Kaul. Nor is his opinion consistent with [plaintiff's] self-reported ability to socialize and perform activities of daily living. Similarly, it appears Dr. Koloff did not take into consideration [plaintiff's] non-compliance with prescribed medication, nor did he consider how [plaintiff's] marijuana use affects his symptoms.

(AR at 28) (citations omitted). The ALJ elaborated that Koloff may have expressed his opinions out of sympathy for his patient or to avoid any doctor/patient tension.

### B. R&R

In the R&R, the MJ concluded the ALJ's decision to discount the opinions of Koloff as the treating psychiatrist was not supported by substantial evidence. The MJ (1) noted Koloff's treatment notes did not reveal any inconsistencies with his medical opinions, (2) reasoned any non-compliance by McDonough in taking his medications was a symptom of his condition rather than an indicator it is not disabling, (3) observed the opinions of Kaul as a non-examining physician were not the kind of authority sufficient to reject his opinion, and (4) concluded the minimal activities McDonough reported were incomparable to functioning in a workplace.

3

The MJ determined the ALJ's conclusion that McDonough did not have a condition equal in severity to a listed impairment was not supported by substantial evidence. The MJ noted Koloff's assessment that McDonough met 8 of 9 characteristics of depressive syndrome, 5 of 8 characteristics of manic syndrome, and all 4 of the associated functional limitations. The MJ deemed this "strong" evidence McDonough's condition is equal to a listed impairment, and noted a lack of contrary medical evidence in the record, which was adequately developed. Thus, the MJ recommended reversal and remand for the award of benefits.

### III. STANDARD OF REVIEW

#### A. R&R Objections

The Court must conduct a *de novo* review of the parts of a R&R to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

#### B. Commissioner's Disability Determination

The Court's review is limited to determining if "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In doing so, the Court does not resolve conflicts in the evidence or questions of credibility. *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

In evaluating if the Commissioner's decision is supported by substantial evidence, the Court must consider the entire record. *See Futernick v. Richardson*, 484

4

F.2d 647, 649 (6th Cir. 1973).  Nonetheless, the Court need not discuss every piece of evidence.  *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x. 496, 508 (6th Cir. 2006).

## IV. ANALYSIS

The Commissioner raises 2 objections to the R&R.  They are unavailing.

### A. Reweighing Evidence

First, the Commissioner says the MJ impermissibly reweighed the evidence in concluding substantial evidence did not support the ALJ's decision to reject Koloff's medical opinions.  The Commissioner elaborates the R&R "selectively discusses" record evidence and "fails to evaluate the ALJ's entire rationale" for giving Koloff's opinions "little weight."  McDonough responds the MJ correctly applied the substantial-evidence standard in concluding the ALJ's decision to discount Koloff's opinions in the absence of inconsistent medical evidence was improper.

The Commissioner cherry-picks tidbits from McDonough's voluminous medical records to challenge the MJ's conclusion Koloff's medical opinions were improperly rejected by the ALJ.  For example, the Commissioner notes at one visit McDonough denied hygiene problems and, at another, said a prescribed medication helped his mood.  As the R&R noted, however, Koloff observed McDonough to have hygiene issues, self-adjust medication, and seem distracted and anxious at sessions.  In their totality, the records comport with Koloff's medical opinions.

Further, the medical opinions upon which the ALJ relied were of non-examining physician Kaul who reviewed some medical records and treating psychiatrist Vallabhaneni who saw McDonough years before the observation and treatment leading to Koloff's assessment.  They do not constitute grounds for disregarding the opinions of

5

McDonough's treating psychiatrist of 2 years during the main period of the claimed disability. This is unchanged by the fact that McDonough may have at times been non-compliant with medication, which could be associated with his disorder, or engaged in discrete activities such as washing dishes that have little to do with the ability to function in a workplace. The remaining conclusory assertions of the Commissioner amount to speculation as to the reliability of Koloff's assessment.

### B. Remand for Award of Benefits

Second, the Commissioner says a remand for award of benefits is unwarranted, as there was no "clear-cut" evidence McDonough is disabled. The Commissioner says Koloff's opinion was not controlling, and the remaining evidence was conflicting. McDonough responds this remedy is proper because Koloff's assessment amounted to "strong" evidence his condition is equal to a listed impairment, and there was a lack of contrary medical evidence.

A remand for award of benefits is proper because Koloff's assessment of McDonough's characteristics constitutes "strong" evidence McDonough has a condition equal in severity to a listed impairment. There is a lack of contrary medical evidence.

The Commissioner asks the Court to identify the listed-impairment characteristics McDonough met and why. In deposition testimony, Koloff found McDonough met all but the last characteristic of depressive syndrome, relating to hallucinations, under section A.1 of Listing 12.04. Koloff found McDonough met the following characteristics of manic syndrome under section A.2: hyperactivity, inflated self-esteem, decreased need for sleep, easy distractibility, and activity with high probability of painful consequences.

Koloff found he had all the functional limitations of section B. Koloff cited in support concrete examples from his clinical observation of McDonough over the 2 years.

Thus, reversal and remand for the award of benefits is an appropriate remedy in this case. For the reasons outlined in the R&R, the onset date should be set at December 20, 2011.

SO ORDERED.

_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 9-26-2016
Detroit, Michigan